HOLLIS v BAKER

1. FALSE IMPRISONMENT—POLICE OFFICERS—IMMUNITY—PERSONAL LIABILITY—REASONABLENESS.

   Police officers are not under ordinary circumstances obliged to question the legality of a warrant which appears valid on its face and are shielded by immunity from personal liability in the conscientious discharge of their duties, but they are not protected from their failure to act as reasonable men would act when faced with similar circumstances.

2. FALSE IMPRISONMENT—SUMMARY JUDGMENT—EVIDENCE—GOOD FAITH.

   The trial court improperly granted summary judgment in favor of the defendant police officers in a suit for false arrest and false imprisonment where the officers arrested on a record check information that a warrant was being held for plaintiff's arrest for a traffic violation when the officer knew or should have known that the warrant was four years old, that the operator's license had been reviewed in the interim by the Secretary of State's office, an action which would not have been performed if there was an outstanding warrant, and the plaintiff at the time of his arrest protested that the traffic violation had been disposed of and fine and costs paid, a true representation of facts occurring a year previously, because there was an arguable question of fact as to whether the officers were remiss and sufficient question as to the reasonableness of the officers' actions to justify refusal of summary judgment as a matter of law.

Appeal from Muskegon, James F. Schoener, J. Submitted Division 3 January 3, 1973, at Grand Rapids. (Docket No. 13380.) Decided March 27, 1973. Leave to appeal denied, 389 Mich 818.

Complaint by DeWitt L. Hollis against Andrew

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 32 Am Jur 2d, False Imprisonment §§ 30, 66 et seq., 76 et seq.

Baker and David Frogge for false arrest and false imprisonment. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded for trial.

*George D. Stribley,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Robert C. Goussy, J. Ronald Kaplansky,* and *Thomas A. Carlson,* Assistants Attorney General, for defendants.

Before: HOLBROOK, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. This is an appeal as of right from an order of the trial court awarding summary judgment to the defendants which included the dismissal of plaintiff's complaint for false arrest and false imprisonment.

The story began some time ago on June 25, 1966, when the plaintiff was issued a traffic violation ticket for speeding and ordered to appear before a justice of the peace. He failed to do so and a warrant was issued for his arrest on July 22, 1966. The matter thereafter remained dormant until March, 1969, when he applied for a renewal of his operator's license. However, he was advised that he would have to settle the matter of the speeding ticket before he could secure this renewal. As directed, he appeared in the District Court at Grand Haven on March 28, 1969, pled guilty to the 1966 speeding summons, and paid a fine and costs of $15. At that time he also received a receipt verifying his payment of these items.

Exactly a year later while driving his car on I-96

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

in Ottawa County he encountered engine trouble by way of overheating and pulled over onto the shoulder of the highway. Shortly thereafter a Michigan State Police cruiser occupied by Officers Baker and Frogge, defendants herein, stopped behind plaintiff's automobile and the officers asked for plaintiff's driver's license and vehicle registration. Plaintiff produced his operator's license, but had no registration certificate and instead produced the certificate of title. This caused the officers to contact the Rockford State Police Post for a record check, whereupon they were informed that a warrant was being held in Grand Haven for plaintiff's arrest. He informed them that the speeding ticket had been paid, and that if they would accompany him to Muskegon, he would be glad to show them the receipt. The officers apparently did not believe him, since they placed him under arrest and lodged him in the Ottawa jail for the night. The officers also summoned a wrecker to impound the plaintiff's automobile. Plaintiff remained in jail until the next morning, at which time he was released on bail. When he appeared in court, he was advised that the proceedings had been dismissed and the warrant quashed. He was not informed as to the location of his automobile until May 12, 1970, when the Rockford State Police Officers advised him that it was impounded at Ron's Wrecker Service in Grand Rapids. Later he was required to pay $250 to regain possession of the automobile which had deteriorated in value to almost nothing during the interval.

He brought suit on January 28, 1971, demanding damages from the defendants in the amount of $20,000 for false arrest and imprisonment, and demanding damages against Ron's Wrecker Service of $1,475 due to the latter's alleged negligence

in towing and storing the impounded automobile. The action against Ron's Wrecker Service was dismissed by stipulation, without prejudice to the right to bring later action.

The defendants answered the complaint and moved for summary judgment under GCR 1963, 117.2(1), alleging that plaintiff's complaint had failed to state a claim upon which relief could be granted in view of MCLA 764.15(e); MSA 28.874(e), which provides that any peace officer may, without a warrant, arrest a person:

"(e) When he has received positive information by written, telegraphic, teletypic, telephonic, radio or other authoritative source that another officer holds a warrant for such arrest;".

The plaintiff raises three issues but consideration of one will be dispositive of the case. Under all of the facts and the circumstances of this case, was there a valid actual question regarding the good faith of the arresting officers such that the trial court improperly granted summary judgment?

Clearly, the statute furnishes the basis for a proper arrest when the officers are informed that another authority holds in his possession an outstanding warrant. Further, under ordinary circumstances, the officer is under no obligation to inquire as to the legality of the warrant, if the warrant appears valid on its face. See *Belt v Ritter*, 18 Mich App 495, 499 (1969).

The question thus becomes whether we have ordinary circumstances here. The answer is "no". Here the officers knew, or should have known, that the warrant was almost four years old. Further, they knew, or should have known, that plaintiff's operator's' license had been renewed in the

interim by the Secretary of State's office, an action which would not have been performed if there was an outstanding warrant. In light of these factors and the protestations of plaintiff at the time of his arrest, there is at least an arguable question of fact as to whether defendant officers were remiss in blindly arresting plaintiff under the warrant.

Under these circumstances, there is a sufficient question as to the reasonableness of the defendants' actions in light of their knowledge to justify refusal of summary judgment as a matter of law. The shield of personal liability immunity to police officers executing warrants is available only to the extent that said action does not conflict with the logical analysis of the attendant circumstances. The officers are protected only insofar as their execution of the warrant did not fly in the face of their available information. Such protection is afforded to protect the officer in the conscientious discharge of his duties, but it was never meant to protect an officer from his failure to act as a reasonable man would when faced with similar circumstances.

Whether the officers herein were sufficiently informed of the attendant circumstances so as to make their action unreasonable is a question of fact which could only be determined after a full evidentiary hearing. We therefore hold that summary judgment was inappropriately granted in this case.

Reversed and remanded for trial. Costs to abide the final result.

All concurred.